Case 5:24-cr-00309-XR   Document 15   Filed 06/26/24   Page 1 of 4

FILED
June 26, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ____RR____
          Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § § v. § § § CAMERON PETERSON § § § § § § § | Case No: SA:24-CR-00309-XR<br><br>**INDICTMENT**<br><br>**COUNT ONE**: [18 U.S.C. § 924(b)(Attempt to Receive Firearm to Use to Commit a Felony)];<br>**COUNT TWO**: [18 U.S.C. § 922(a)(6) (Making False, Fictitious, or Misrepresented Statement in Attempt to Purchase Firearm)];<br>**COUNT THREE**: [26 U.S.C. § 5861(d)(Possession of an Unregistered Firearm/ Explosive Device)]. |

THE GRAND JURY CHARGES:

**COUNT ONE**
**[18 U.S.C. § 924(b)]**

On or about May 31, 2024, in the Western District of Texas, the Defendant,

**CAMERON PETERSON,**

did knowingly attempt to receive a firearm, to wit: a Centurion Optio, a 12-gauge assault-style shotgun, serial number 23US-17, that had traveled in interstate and foreign commerce, knowing or having reasonable cause to believe that the firearm would be used to commit a felony, that is premeditated, intentional murder.

In violation of Title 18, United States Code, Section 924(b).

1

## COUNT TWO
**[18 U.S.C. §§ 922(a)(6), 924(a)(2)]**

On or about May 31, 2024, in the Western District of Texas, the Defendant,

**CAMERON PETERSON,**

in connection with the attempted acquisition of a firearm, to wit: a Centurion Optio, a 12-gauge assault-style shotgun, serial number 23US-17, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to the licensed dealer, which statement by the Defendant was intended and likely to deceive the dealer, as to a fact material to the lawfulness of such sale of this firearm to the defendant under Chapter 44 of Title 18, in that the Defendant falsely represented that he lived at an address for which he had not lived at for over a year and further that he falsely represented that he was not an unlawful user of controlled substances, either of these false statements would have disqualified him from acquiring the firearm.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT THREE
**[26 U.S.C. §§ 5861(d), 5871, 5845)]**

On or about June 5, 2024, in the Western District of Texas, the Defendant,

**CAMERON PETERSON,**

knowingly possessed a firearm, that is a destructive device that was an explosive or explosive bomb designed to expel projectiles for which the Defendant knew the characteristics of this firearm, and that this firearm could readily have been put in operating condition, and that this firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5861(d), 5871, and 5845.

### NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

#### I.
#### Firearms Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 922(b) and (a)(6) and 924(a)(2), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts One and Two, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

**Title 18 U.S.C. § 924.  Penalties**

> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a)(6). . . (g) . . . of section 922. . . or knowing violation of section 924 . . . or willful violation of any other provision of this chapter. . . shall be subject to seizure and forfeiture. . . under the provisions of this chapter. . .

#### II.
#### Unlicensed Firearm and Machine Gun Violations and Forfeiture Statutes
[Title 26 U.S.C. §§ 5861(d), 5871, & 5845, subject to forfeiture pursuant to Title 26 U.S.C. § 5872, made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Count Three, the United States of America gives notice to Defendant of its intent to seek the forfeiture of the properties described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 26 U.S.C. § 5872, as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

**Title 26 U.S.C. § 5872. Forfeitures**
> **(a) Laws applicable-** Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture. . .

This Notice of Demand for Forfeiture includes but is not limited to the following properties:

1. Savage .22 long rifle, semi-automatic, serial number 4237166; and

Any and all firearms, ammunition, and/or firearm accessories involved in or used in the commission of the criminal offense(s).

A TRUE BILL



FOREPERSON

JAIME ESPARZA
United States Attorney

FOR MARK ROOMBERG
Assistant United States Attorney

FOR ERIC YUEN
Assistant United States Attorney

4